JUSTICE NELSON,
concurring in part and dissenting in part.
¶30 I concur in the Court’s decision with respect to Issue 2. Specifically, I agree that Walker failed to meet his burden of demonstrating that the contested information in the presentence investigation report was materially false or inaccurate. See Opinion, ¶ 23.
¶31 However, I strenuously dissent from the Court’s decision with respect to Issue 1. Walker claims that his sentence is illegal — i.e., one that the District Comb did not have power to impose. See State v. Hicks, 2006 MT 71, ¶ 41, 331 Mont. 471, ¶ 41, 133 P.3d 206, ¶ 41 (“A district court’s authority in sentencing a criminal defendant is defined and constrained by statute, and the court has no power to impose a sentence in the absence of specific statutory authority.”). The Court chooses not to reach the merits of Walker’s claim on the ground that Walker “bargain[ed] for,” “desire[d],” “wanted,” “requested,” and was “willingD” to serve the allegedly unlawful sentence he received. Opinion, ¶¶ 16, 17, 18. This reasoning is wholly untenable. I cannot accept that a sentence, which may not be statutorily authorized and, thus, may not be one that the sentencing court had power to impose, is nevertheless beyond appellate review because the defendant “bargain[ed] for,” “desire[d],” “wanted,” “requested,” or was “willingD” to serve it.
¶32 What if Walker (who apparently was interested in moving to Canada) had persuaded the prosecutor and the District Court that rather than impose the cost of incarceration on Montana taxpayers, banishment to Canada was the prudent and economical sentence to impose? Would we decline to address the State’s challenge to the legality of that sentence on the ground that the prosecutor had *537 “bargain[ed] for” and “acquiesce[d]” in the sentence? According to ¶¶ 16-18 of todays Opinion, we would.
¶33 Yet, we recently suggested that an illegal sentence imposed pursuant to a plea agreement could be reviewed by this Court on direct appeal-notwithstanding the fact that the prosecutor and the defendant had “bargain[ed] for” that sentence. See Hardin v. State, 2006 MT 272, ¶ 19, 334 Mont. 204, ¶ 19, 146 P.3d 746, ¶ 19 (“If, for example, an offense carries a mandatory minimum of five years and counsel negotiates a plea for three years, which is accepted by the court, the sentence may be subject to direct challenge as being illegal.”). Surely an illegal sentence negotiated, as here, with the sentencing judge and the probation and parole officer who prepared the presentence investigation report is no less reviewable than an illegal sentence negotiated with the prosecutor and memorialized in a plea agreement. The Court provides no basis for distinguishing between these two scenarios.
¶34 Indeed, the Court’s whole approach in this case lacks any basis in law, which is apparent when one analyzes the lone precedent relied on by the Court-State v. Micklon, 2003 MT 45, 314 Mont. 291, 65 P.3d 559. (The Court also cites State v. Eaton, 2004 MT 283, 323 Mont. 287, 99 P.3d 661; however, Eaton merely recognizes and then distinguishes our holding in Micklon. See Eaton, ¶ 13.) In Micklon, this Court held that Micklon’s sentence was beyond our review because Micklon had “affirmatively agreed” to the inclusion of the allegedly illegal condition on his sentence. Micklon, ¶ 10. As in the case at hand, however, the Court cited no authority to support the proposition that a potentially unlawful sentence is exempt from appellate review because the defendant “affirmatively agreed” to it. As a matter of fact, the sole basis of our holding was the principle that a defendant may not raise, for the first time on appeal, alleged trial errors in which he or she acquiesced or actively participated. See Micklon, ¶ 10 (quoting State v. Harris, 1999 MT 115, ¶ 32, 294 Mont. 397, ¶ 32, 983 P.2d 881, ¶ 32). Significantly, neither Harris nor the cases cited therein applied the “acquiescence” rule to an allegedly illegal sentence. Thus, our decision in Micklon is as lacking in foundation as is the Court’s decision herein; and the Court’s reliance on Micklon, therefore, amounts to nothing more than appellate bootstrapping.
¶35 If a district court’s authority in sentencing a criminal defendant truly “is defined and constrained by statute,” Hicks, ¶ 41, if a district court truly “has no power to impose a sentence in the absence of specific statutory authority,” Hicks, ¶ 41, and if the sentencing *538 authority of a court truly “exists solely by virtue of a statutory grant of power and therefore cannot be exercised in any manner not specifically authorized,” State v. Lenihan, 184 Mont. 338, 342, 602 P.2d 997, 1000 (1979) (internal quotation marks omitted), then any sentence imposed without specific statutory authority is plainly null and void. In my view, there is no plausible reason why this Court should refuse to determine whether a sentence is null and void; I certainly cannot accept the syllogism that a defendant’s success in “bargaining] for” what he believes is a lighter sentence can sustain what in actuality may be a null and void sentence. Such reasoning is akin to stating that subject-matter jurisdiction can be conferred by the parties-a proposition that also lacks foundation. See In re Marriage of Miller, 259 Mont. 424, 427, 856 P.2d 1378, 1380 (1993) (“It is ... a settled rule that subject matter jurisdiction cannot be waived nor conferred by consent of a party where there is no basis for jurisdiction under the law.”); accord Stanley v. Lemire, 2006 MT 304, ¶ 31, 334 Mont. 489, ¶ 31, 148 P.3d 643, ¶ 31.
¶36 In point of fact, we have already rejected the approach taken by the Court in the case at hand. In State v. Evert, 2004 MT 178, 322 Mont. 105, 93 P.3d 1254, Evert (through counsel), the prosecutor, and the district court all agreed to resentence Evert approximately five years after his original, final, and legal sentence was pronounced. In determining that the district court lacked authority to do so, we observed that “[although both the County and Evert agreed to the resentencing, jurisdiction [to review and modify Evert’s original sentence] cannot be conferred by consent.” Evert, ¶ 17 (citing Vannatta v. Boulds, 2003 MT 343, ¶ 16, 318 Mont. 472, ¶ 16, 81 P.3d 480, ¶ 16). We thus held that the judgment entered pursuant to the resentencing was invalid. Evert, ¶ 17. We did so notwithstanding the fact that all persons involved-Evert, his counsel, the prosecutor, and the sentencing judge-had negotiated their way around the sentencing statutes. It is entirely inconsistent, therefore, for the Court today to decline to consider whether the District Court had power to impose Walker’s sentence because Walker “bargained] for” that sentence.
¶37 The Court’s ultimate conclusion under Issue 1 is that Walker “waived his right” to challenge the allegedly illegal portion of his sentence on appeal. Opinion, ¶ 18. Such an approach with respect to our review of sentences ignores the fundamental principle that “the waiver concept was never intended as a means of allowing a criminal defendant to choose his own sentence.” Commonwealth v. McKenna, 383 A.2d 174, 181 (Pa. 1978). It is not only legally indefensible, but *539 also ill-advised to hold, as the Court does today, that a defendant may negotiate whatever sentence he or she pleases, irrespective of the will of the Legislature and subject only to the predilections of the prosecutor and the sentencing judge at the time of sentencing.
¶38 Indeed, having sat on hundreds of appeals involving sentencing errors, I am convinced that far too many sentences are imposed in either complete ignorance or total disregard on the parts of defense counsel, the prosecutor, and the sentencing court of the sentencing statutes enacted by the Legislature. Evert provides a glaring example. In deliberately going forward with a patently illegal sentencing proceeding, the prosecutor candidly stated on the record:
[B]y statute and by numerous rulings by the Supreme Court,... a district court judgment, once it has been passed, is basically set in stone. However, it’s always been my practice-and also been the practice of this [district court]-that if a Defendant who has previously been sentenced appears before either myself or you and shows good cause as to why his sentence should be amended, generally mitigated, we don’t object to that. We don’t hold firm to the technicalities of the statute or the Supreme Court rulings.
Evert, ¶ 6 (emphasis added, paragraph break and internal quotation marks omitted). Rightly, the Evert Court was appalled. We stated:
The laws of the State of Montana are written to ensure that justice is served and the well-being of society and individuals is safe-guarded. Contrary to the County Attorney's pronouncement to the District Court that “we don’t hold firm to the technicalities of the statute or the Supreme Court rulings,” adherence to the legislative enactments and the decisions of this Court is not a matter of convenience or prosecutorial preference. No court or officer of the court has the prerogative of circumventing or modifying the procedures established by law.
Evert, ¶ 19 (emphasis added).
¶39 Today’s Opinion and Micklon fly in the face of Everts strong admonishment to sentencing courts and counsel. We should be requiring that the laws of the State of Montana be followed and that trial courts sentence within the parameters of, and pursuant to the procedures specified in, the applicable sentencing statutes. Simply stated, we should be mandating that the bench and bar adhere to the enactments of the Legislature. Instead, with this decision, the Court chooses to turn a blind eye to a potentially illegal sentence and thus empower defense counsel, prosecutors, and sentencing courts to flout the sentencing statutes. “If this Court will not hold district courts and *540 county attorneys to the requirements so clearly spelled out by the Montana Legislature, who will?” In re A.S., 2006 MT 281, ¶ 64, 334 Mont. 280, ¶ 64, 146 P.3d 778, ¶ 64 (Gray, C.J., dissenting).
¶40 For these reasons, I respectfully, but strenuously, dissent from the Court’s decision under Issue 1 not to review the legality of Walker’s sentence.
JUSTICE WARNER joins the dissent:
While the language is more strident than I would choose, I am of the opinion that Justice Nelson’s dissent is correct, and I join it.