DA 11-0574

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 42N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

BRANDON BURNS,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 99-0351
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Brandon James Burns, (self-represented); Deer Lodge, Montana

      For Appellee:

         Steve Bullock, Montana Attorney General; Sheri K. Sprigg,
Assistant Attorney General; Helena, Montana

         Scott Twito, Yellowstone County Attorney; Rodney E. Souza,
Deputy County Attorney; Billings, Montana

Submitted on Briefs:  February 1, 2012

Decided:  February 21, 2012

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Brandon Burns appeals the Thirteenth Judicial District Court's order denying his Petition for Remission of Illegally Ordered Restitution. Burns entered a plea of guilty to a charge of Sexual Intercourse Without Consent on April 28, 2000, and was sentenced on October 10, 2000. Burns's sentence included restitution in the amount of $3,455.88 to be paid to the Crime Victim Compensation Account.

¶3 Burns did nothing to challenge the restitution order until he filed a Petition for Writ of Habeas Corpus with this Court on July 8, 2011. In our August 16, 2011 order, we denied his petition and determined Burns's restitution obligation continued until paid in full, even though the sentence that gave rise to the restitution was discharged.

¶4 Burns then filed a Petition for Remission of Illegally Ordered Restitution in the District Court. Burns argued the 1995 statute regarding restitution (the statute applicable to his sentence) did not allow a gift to him to be seized for restitution. The District Court found that Burns's petition had made no specific allegation as to what gift was seized. Burns also alleged that there was no payment schedule set forth for restitution. Contrary to this assertion, the court noted Condition 17 of its January 2001 Nunc Pro Tunc Judgment provided he pay monthly amounts, with payments to be supervised and regulated by the Probation and Parole officer. Burns further argued the pre-sentence report did not meet the requirements of § 46-18-242, MCA (1995), mandating documentation of the victim's loss, the offender's assets, and the offender's future

2

ability to pay restitution. The District Court denied Burns's petition on August 19, 2011, concluding, "Burns sat on his rights for many years" and has "waived any objection to any statutory deficiency" regarding restitution. The court held § 46-21-102, MCA (1995), barred Burns's claim because his petition for postconviction relief needed to be filed by January 3, 2006, to comply with the five-year limitation.

¶5 Burns then sought another writ of habeas corpus from this Court. In that petition, he alleged the restitution order did not meet statutory requisites, and that it was unlawful for the prison to seize gift money in order to satisfy a restitution obligation. He also alleged the District Court erred in not holding a hearing under § 46-18-246, MCA. We issued an order on November 22, 2011, determining that relief was not available to Burns under § 46-18-246, MCA, because he was not seeking an adjustment or waiver of a presumptively valid restitution order. Instead, he was challenging the restitution as illegal. Moreover, we agreed with the State that similar arguments were rejected in the denial of Burns's previous petition and the petition was time-barred.

¶6 Burns timely appealed the District Court's denial of his petition for remission, arguing that the court erred in not granting him a hearing under § 46-18-246, MCA, to address his contentions. We review a district court's postconviction rulings to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Evert*, 2007 MT 30, ¶ 12, 336 Mont. 36, 152 P.3d 713. We review a court's discretionary rulings, such as whether to hold an evidentiary hearing, for an abuse of discretion. *Evert*, ¶ 12.

¶7 The District Court correctly applied the law in denying Burns's petition. Burns's claim is barred by principles of res judicata because he already had multiple opportunities to litigate

3

before this Court the same contentions about the illegality of the restitution order. *Touris v. Flathead Co.*, 2011 MT 165, ¶ 12, 361 Mont. 172, 258 P.3d 1. "Central to res judicata is the concept of finality; litigation must, at some point, come to an end." *Touris*, ¶ 12. This Court previously determined that relief is not available under § 46-18-246, MCA, that the petition is time-barred and that seizing a gift to satisfy a restitution obligation is not illegal. Burns cannot re-litigate these issues.

¶8 Further, Burns's assertion that he was entitled to a hearing under § 46-18-246, MCA, fails because he did not allege changed circumstances. Burns only contested the legality of the restitution in his petition to the District Court. The court did not need to hold a hearing, and therefore did not abuse its discretion in denying one, because Burns did not make any arguments in his petition about changed circumstances meriting waiver or modification of the restitution order. In his reply brief, Burns first raises arguments for modification of restitution. However, those arguments were not raised in his petition for remission and "[w]e will not put a district court in error for failing to address an issue or an argument that was not made before it." *State v. Payne*, 2011 MT 35, ¶ 39, 359 Mont. 270, 248 P.3d 842. Burns cannot raise new arguments in his reply brief.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted. The District Court's order of August 19, 2011, is affirmed.

/S/ BETH BAKER

4

We concur:


/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE