DA 12-0561

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 150N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

BRIAN JOSEPH SPINKS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC-00-235
Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Brian Joseph Spinks (Self-Represented), Great Falls, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

          Marty Lambert, Gallatin County Attorney, Todd Whipple, Deputy
County Attorney, Bozeman, Montana

Submitted on Briefs:  April 17, 2013

Decided:  June 4, 2013

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Brian Joseph Spinks (Spinks) appeals from an order of Montana's Eighteenth Judicial District Court, Gallatin County, denying his petition for postconviction relief. On December 14, 2000, the State charged Spinks with two felony counts of sexual intercourse without consent in violation of § 45-5-503, MCA. The conduct forming the basis of the charges occurred on July 3, 2000. On May 1, 2001, Spinks pled guilty to amended misdemeanor charges of partner or family member assault and negligent endangerment. The District Court sentenced Spinks to one year in the custody of the Gallatin County Detention Center for each offense to run consecutively, and suspended all but the 116 days Spinks had already served for each offense. The District Court entered the sentence and judgment on May 30, 2001.

¶3 Spinks had previously pled guilty to partner or family member assault in Gallatin County Justice Court on July 5, 2000. Spinks alleges that his District Court sentence represents the second time that he was charged and sentenced for his conduct on July 3, 2000. On February 8, 2011, Spinks filed a letter with the District Court asserting that his conviction in District Court violated his constitutional double jeopardy rights. On March 8, 2011, Spinks filed a "Motion to Expunge or Retrial Due to Double Jeopardy

2

Conviction" in which he set forth his double jeopardy claim. The District Court noted that Spinks never raised any double jeopardy concerns during any earlier proceedings and did not appeal his conviction. On May 2, 2011, the District Court denied Spinks' motion as untimely pursuant to M. R. App. P. 5(b)(i) and § 46-21-102(1), MCA.

¶4 On May 8, 2012, and July 16, 2012, Spinks filed additional motions for postconviction relief due to double jeopardy considerations. Once again, the District Court denied Spinks' motions as untimely. Spinks appeals the District Court's decision. We address the following issue on appeal:

¶5 Did the District Court err in denying Spinks' petition for postconviction relief?

¶6 The District Court entered its sentence and judgment against Spinks on May 30, 2001. The judgment became final 60 days later when Spinks' time to file a direct appeal lapsed. M. R. App. P. 5(b)(i). The statute of limitations for filing a petition for postconviction relief expired one year after the conviction became final pursuant to § 46-21-102(1), MCA. *See e.g. Davis v. State*, 2004 MT 112, ¶ 15, 321 Mont. 118, 88 P.3d 1285. We agree with the District Court's conclusion that Spinks' petition for postconviction relief and double jeopardy arguments raised for the first time nearly nine years after the expiration of the applicable statute of limitations was time-barred.

¶7 Spinks asserts that denial of his petition for postconviction relief would constitute a fundamental miscarriage of justice. However, the fundamental miscarriage of justice exception applies only to claims in which the petitioner alleges that newly discovered evidence establishes that he did not commit the offense. *See State v. Evert*, 2007 MT 30, ¶ 16, 336 Mont. 36, 152 P.3d 713; § 46-21-102(2), MCA. Spinks contends that the

3

victim recanted, but relies on evidence that was known to him at the time he pled guilty to the offenses. Therefore, Spinks cannot satisfy the fundamental miscarriage of justice exception. Spinks has failed to establish that any other exceptions or tolling apply to his petition.

¶8    Notwithstanding the multiple procedural bars present in this case, Spinks has failed to comply with the requirements of § 46-21-104, MCA. Spinks did not provide the District Court with any information or records pertaining to his earlier conviction in Justice Court. Even if it was determined to reach the merits, the District Court did not have sufficient evidence to evaluate the validity of Spinks' double jeopardy claims. Accordingly, the District Court did not err in denying Spinks' petition for postconviction relief.

¶9    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's factual findings are supported by substantial evidence and the legal issues in this case are controlled by settled Montana law, which the District Court correctly interpreted.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ BRIAN MORRIS
/S/ JIM RICE

4