FILED

December 2 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0077

DA 14-0077

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 318N

RAYMOND EARL EVERT,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                   In and For the County of Flathead, Cause No. DC 97-024(B)
                   Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Raymond E. Evert, Self-Represented, Shelby, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss,
            Assistant Attorney General, Helena, Montana

            Ed Corrigan, Flathead County Attorney, Kalispell, Montana

                       Submitted on Briefs:  November 19, 2014
                                Decided:  December 2, 2014

Filed:

                                _____
                                      Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Raymond Evert appeals from the orders of the Eleventh Judicial District Court, Flathead County, denying several post-judgment motions. We affirm.

¶3 Evert pleaded guilty in 1997 to sexual assault and was sentenced to Montana State Prison for 65 years, with 15 years suspended. *State v. Evert*, No. DC 97-024(B), 1997 Mont. Dist. LEXIS 66 (Sept. 18, 1997). He did not appeal from this judgment and sentence.

¶4 In 1998, Evert filed a petition for postconviction relief in the District Court. While this petition was pending, he filed three original proceedings in this Court. We dismissed or denied all three proceedings. *Evert v. 11th Jud. Dist. Ct.*, No. 99-203 (Mont. June 20, 2000); *Evert v. 11th Jud. Dist. Ct.*, No. 02-274 (Mont. May 14, 2002); *Evert v. 11th Jud. Dist. Ct.*, No. 02-486 (Mont. Aug. 20, 2002). Thereafter, the State and Evert reached an agreement pursuant to which he withdrew his postconviction petition in exchange for receiving a new sentence by the District Court. The District Court entered an amended judgment and sentence of 60 years at Montana State Prison, with 20 years suspended. This Court reversed, holding that the District Court lacked authority to resentence Evert.

*State v. Evert*, 2004 MT 178, 322 Mont. 105, 93 P.3d 1254. Hence, Evert's sentence remained as originally imposed.

¶5 Evert filed an amended petition for postconviction relief in 2005. The District Court denied the petition. Evert appealed, and this Court affirmed, concluding that all of Evert's claims were procedurally barred under § 46-21-105(2), MCA, as claims that could have been raised on direct appeal. *State v. Evert*, 2007 MT 30, 336 Mont. 36, 152 P.3d 713.

¶6 Evert applied for sentence review, and the Sentence Review Division amended the judgment and sentence to 60 years at Montana State Prison, with 35 years suspended, effective September 4, 2007. In June 2009, Evert was released to serve the suspended portion of his sentence. Thereafter, he violated various conditions of his probation, and the District Court revoked the suspended sentence. By order dated December 8, 2010, and an amended order dated March 11, 2011, the District Court sentenced Evert to Montana State Prison for 35 years. Evert initially appealed this sentence, but then voluntarily dismissed the appeal. *State v. Evert*, No. DA 11-0069 (Mont. May 9, 2011).

¶7 Evert filed a petition for a writ of habeas corpus in this Court in October 2011. We dismissed the petition, observing that habeas corpus is not available to attack an order revoking a suspended or deferred sentence. *Evert v. Dept. of Corr.*, No. OP 11-0594, 2011 Mont. LEXIS 481 (Dec. 27, 2011). Evert filed an application for sentence review, which the Sentence Review Division denied in February 2012. Evert then filed another petition for a writ of habeas corpus in September 2012, alleging that both his sentence and conviction were illegal. We denied that petition, observing that his claims were

barred by § 46-22-101(2), MCA, which states: "The writ of habeas corpus is not available to attack the validity of the conviction or sentence of a person who has been adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal. . . ." *Evert v. State*, No. OP 12-0541, 2012 Mont. LEXIS 421 (Oct. 2, 2012).

¶8 Meanwhile, Evert filed multiple motions in the District Court seeking review of the probation revocation. The District Court denied those motions. Evert also filed a petition for a writ of habeas corpus, which the District Court denied in February 2013. Evert also challenged the 2010 revocation of his probation through an application for a writ of habeas corpus in federal court, which the federal court denied. *Evert v. Frink*, No. CV 12-00015-M-JCL, 2013 U.S. Dist. LEXIS 36234 (D. Mont. Mar. 14, 2013). Several months later, this Court denied another petition for a writ of habeas corpus, finding that "Evert's sentence is calculated correctly." *Evert v. Frink*, No. OP 13-0302, 2013 Mont. LEXIS 362 (Aug. 6, 2013).

¶9 The present appeal concerns the District Court's denials of Evert's motions: to review probation revocation and withdraw guilty plea; to amend facially invalid sentence; to reconsider the denial of the foregoing two motions; and to be granted 247 days of "good time" jail credit. The State argues that Evert has pursued every possible—not to mention implausible, meritless, and frivolous—avenue of appeal, collateral review, and challenge to the judgments and sentences entered by the District Court in this case. The State argues that Evert's judgment, conviction, and sentence are final, and that there is no further review on the grounds he has asserted in his repetitious and baseless filings. Finally, the State argues that the District Court correctly denied and dismissed Evert's

4

present claims as time-barred or procedurally barred because they actually were raised in prior proceedings, or could have and should have been raised in prior proceedings. We agree with the State.

¶10 The District Court's final judgment and sentence resolving the revocation matter was entered in March 2011. Evert voluntarily dismissed his appeal from that judgment and sentence in May 2011. Evert had one year to file a petition for postconviction relief but failed to do so. His present attempt to obtain review of the revocation proceedings and decision is procedurally improper. Sections 46-21-101, -102, MCA. His attempts to withdraw his guilty plea and to re-litigate matters that were addressed in his prior petitions and motions are also improper. Sections 46-16-105(2), 46-21-105(2), MCA. Finally, in denying Evert's request for 247 days of "good time" jail credit, the District Court observed that he appeared to be "double dipping" by seeking to have credit already allocated to him for the time he was incarcerated prior to the 1997 judgment credited a second time by calling it "good time." The court properly rejected this request.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court correctly applied the law in denying Evert's motions. As the State points out, "There comes a time when a conviction must, once and for all, be considered final. That time has come for Evert."

¶12 Affirmed.

/S/ LAURIE McKINNON

5

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA