FILED

04/20/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0102

DA 20-0102

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 98N

BRIAN D. SMITH,

      Petitioner and Appellant,

   v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
                   In and For the County of Missoula, Cause No. DV-16-698
                   Honorable Leslie Halligan, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Brian D. Smith, Self-represented, Deer Lodge, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Brad Fjeldheim, Assistant
      Attorney General, Helena, Montana

      Kirsten H. Pabst, Missoula County Attorney, Missoula, Montana

Submitted on Briefs:  March 24, 2021

Decided:  April 20, 2021

Filed:

                                   Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Brian Smith (Smith) appeals from the January 13, 2020 Order Denying Second Petition for Post-Conviction Relief issued by the Fourth Judicial District Court, Missoula County. We affirm.

¶3 On January 25, 2012, Smith pleaded guilty to felony aggravated assault. The District Court sentenced Smith to 20 years in the Montana State Prison without the possibility of parole on May 9, 2012. The court entered written judgment on May 21, 2012. On June 1, 2012, he filed a motion to withdraw his guilty plea, which the District Court denied on July 26, 2012. Smith did not file a timely appeal but filed his first habeas corpus action on April 24, 2013, challenging the District Court's jurisdiction and the validity of his change of plea proceedings. We denied this habeas action as it was without merit on June 5, 2013. *Smith v. Frink*, No. OP 13-0278, 311 P.3d 444 (Mont. June 5, 2013). On June 11, 2013, Smith filed a petition for out-of-time appeal, in which he sought to attack his conviction through appeal of the denial of his motion to withdraw his guilty plea. On July 10, 2013, we denied Smith's petition for an out-of-time appeal, determining he had not demonstrated record-based claims necessary for direct appeal and that his appeal was

2

"very untimely." *State v. Smith*, No. DA 13-0399, Order (Mont. July 10, 2013). On April 4, 2016, Smith again filed a petition for habeas corpus attacking his conviction, this time asserting it to be void as he did not receive a predetermination hearing before the prosecution commenced. On April 12, 2016, we again denied Smith's habeas petition, concluding the District Court did have subject matter jurisdiction to proceed with his prosecution and his claims were barred by principles of claim preclusion. *Smith v. Fender*, No. OP 16-0205, 384 Mont. 551, 384 P.3d 40 (Apr. 12, 2016). On August 16, 2016, Smith filed his first postconviction relief (PCR) petition, which was denied by the District Court. Smith appealed this denial. We affirmed the denial of Smith's PCR petition as time barred and concluded he did not satisfy the newly discovered evidence requirement to overcome the statutory time bar. *Smith v. State*, No. DA 17-0146, 2018 MT 115N, 2018 Mont. LEXIS 150. On June 30, 2017, Smith filed a notice of appeal of the district court's June 15, 2017 order denying his second motion to withdraw his guilty plea as time-barred, but his appeal was ultimately dismissed for his failure to file an opening brief. *State v. Smith*, No. DA 17-0385, Order (Mont. Feb. 14, 2018).

¶4      Smith then embarked on filing two additional writs for habeas corpus, raising challenges to his sentence and attorney abandonment, both of which we denied. *See Smith v. McTighe*, No. OP 18-0532, 393 Mont. 542 (Sept. 25, 2018); *Smith v. McTighe*, No. OP 19-0503, 397 Mont. 555, 449 P.3d 789 (Sept. 17, 2019). In our September 17, 2019 order, we also prohibited Smith from making any further direct filings with this Court without first obtaining leave to do so.

¶5     On January 13, 2020, Smith filed his second PCR petition in the District Court, which is the subject of this appeal, again raising issues of attorney abandonment. The District Court denied this petition without hearing. In his second PCR petition, Smith asserted that his failure to receive an order issued by the District Court in DC 11-161 on January 18, 2013, frustrated his ability to appeal his conviction and is evidence of his attorney's malfeasance or abandonment. The District Court concluded these arguments lacked merit. The District Court noted that Smith had until July 2012, to appeal his conviction and judgment and that failure to receive the order, which was not issued until approximately 6 months after his appeal time ran, could not have thwarted him from filing an appeal. Even had he timely received the order, it would have made no difference in his ability to file an appeal 6 months earlier. Next, Smith argued attorney ineffectiveness or malpractice when a separate attorney he consulted with, Ed Sheehy (Sheehy), post-trial advised Smith via letter of July 10, 2012, he did not have a good faith basis to appeal and would need to instead pursue postconviction relief in his criminal case. Smith asserted this purportedly bad advice caused him to lose the right to contest his conviction and/or sentence through appeal. The District Court again did not find this argument to have merit, concluding that to the extent it supported his theory of attorney abandonment, his time to assert this theory as a basis for relief had long passed as it could have been raised in his first PCR petition.

¶6     We review a district court's denial of a PCR petition to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Evert*, 2007 MT 30, ¶ 12, 336 Mont. 36, 152 P.3d 713.

¶7     From our review of the record, we do not find the District Court's findings to be clearly erroneous or its conclusions of law incorrect.  The facts supporting Smith's claims asserted in his second PCR petition occurred within one year of his conviction and could have been raised in a timely PCR petition.  Smith had one-year from the date his conviction became final to bring a timely PCR petition.  *See* § 46-21-102(1), MCA.  Smith's conviction became final in July 2012.  As such, he had to bring any PCR petition in July 2013.  He did not bring his first PCR petition for over four years post finality of his conviction and the PCR petition at issue here for over seven years post finality of his conviction.  Further, "[t]he court shall dismiss a second or subsequent petition by a person who has filed an original petition unless the second or subsequent petition raises grounds for relief that could not reasonably have been raised in the original or an amended original petition."   Section 46-21-105(1)(b), MCA.  Smith failed to raise any issue in his second PCR petition that could not have reasonably been raised in his first PCR petition, thus the District Court did not abuse its discretion by dismissing his second PCR petition without holding a hearing.  The District Court and this Court have carefully considered and analyzed Smith's filings to date and we agree with the District Court that his attempt at relief through his second PCR petition is no longer time well spent by the District Court or by this Court.

5

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE