
DA 06-0411

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 336

REGINALD BERNARD ADGERSON,

        Petitioner and Appellant,

  v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:     District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADV 2004-792
Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Kris Copenhaver-Landon, Public Defender Regional Director;
            Eric P. Bunn, Deputy Public Defender; Billings, Montana

        For Appellee:

            Hon. Mike McGrath, Attorney General; Tammy Plubell, Assistant
            Attorney General, Helena, Montana

            Leo J. Gallagher, Lewis and Clark County Attorney, Helena, Montana

Submitted on Briefs:  July 11, 2007

Decided:  December 13, 2007

Filed:

_____
                      Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Reginald Bernard Adgerson (Adgerson) appeals from the order entered by the First Judicial District Court, Lewis and Clark County, denying his petition for postconviction relief. We affirm.

¶2     Adgerson contends that the District Court erred in denying his postconviction relief petition and raises two issues in support of that contention:

¶3     1. Did the District Court err in failing to grant Adgerson's postconviction petition on the basis that the trial court abused its discretion in admitting evidence of other crimes, wrongs or acts at trial?

¶4     2. Did the District Court err in concluding that Adgerson received effective assistance of appellate counsel?

## BACKGROUND

¶5     In 2002, a jury convicted Adgerson of felony stalking for conduct he directed toward his ex-wife between the months of March and July of 2001. He appealed from the judgment on his conviction, raising three issues: 1) whether the trial court erred by failing to recuse itself and whether the prosecutor for the State of Montana (State) committed misconduct by failing to remove his office as prosecutor; 2) whether Adgerson was denied effective assistance of trial counsel; and 3) whether the trial court erred in denying his motion to dismiss based on his assertion that the statute defining the offense of stalking is unconstitutional. *See State v. Adgerson*, 2003 MT 284, ¶¶ 6-9, 318 Mont. 22, ¶¶ 6-9, 78 P.3d

2

850, ¶¶ 6-9. We declined to address the first issue because Adgerson failed to properly preserve it for appeal. *Adgerson*, ¶ 14. We also declined to address the second issue because Adgerson's ineffective assistance of trial counsel claim was not sufficiently record-based. *Adgerson*, ¶¶ 21-22. With regard to the third issue, we concluded Adgerson had not established that Montana's stalking statute was unconstitutional and, therefore, the District Court did not err in denying his motion to dismiss on that basis. We affirmed Adgerson's conviction. *Adgerson*, ¶ 29.

¶6 In October of 2004, Adgerson—acting on his own behalf—timely petitioned for postconviction relief in the District Court. The District Court appointed counsel to represent Adgerson in the proceeding and his counsel filed an amended postconviction relief petition raising two claims: 1) that Adgerson's appellate counsel rendered ineffective assistance by failing to raise the issues of whether the trial court erred in admitting other crimes evidence at trial and whether the jury was properly instructed regarding rendering a unanimous verdict on appeal; and 2) that Adgerson's right to due process of law under the Montana and United States Constitutions was violated when the trial court and prosecutor in the underlying criminal proceeding refused to recuse themselves from the case. Adgerson and the State both briefed their respective positions, and Adgerson's appellate counsel filed an affidavit in response to Adgerson's ineffective assistance of appellate counsel claim. In its order denying Adgerson's petition, the District Court concluded he failed to establish ineffective assistance by appellate counsel and his remaining claims were procedurally barred under § 46-21-105(2), MCA. Adgerson appeals.

3

**STANDARD OF REVIEW**

¶7 In reviewing a district court's denial of a petition for postconviction relief, we determine whether the district court's findings of fact are clearly erroneous and its conclusions of law correct. *State v. Evert*, 2007 MT 30, ¶ 12, 336 Mont. 36, ¶ 12, 152 P.3d 713, ¶ 12.

**DISCUSSION**

**¶8 1. Did the District Court err in failing to grant Adgerson's postconviction petition on the basis that the trial court abused its discretion in admitting evidence of other crimes, wrongs or acts at trial?**

¶9 In the underlying criminal proceeding, the State charged Adgerson with felony stalking based on actions which he committed between the months of March and July of 2001. Before trial, the State filed a notice of its intent to present evidence at trial regarding Adgerson's conduct and criminal convictions prior to March of 2001. The State asserted the evidence was admissible under M. R. Evid. 404(b) and our decision in *State v. Just*, 184 Mont. 262, 602 P.2d 957 (1979), as modified in *State v. Matt*, 249 Mont. 136, 814 P.2d 52 (1991), because it tended to establish the existence of a common scheme by Adgerson to harass and terrify the victim. In response, Adgerson moved *in limine* to preclude admission of the evidence. The trial court denied Adgerson's motion in part and granted it in part, and allowed the State to present the prior crimes and acts evidence under specified conditions. Adgerson did not challenge the court's decision in this regard in his direct appeal.

¶10 In his memorandum in support of his postconviction relief petition, Adgerson argued extensively that the trial court abused its discretion by admitting the other crimes/acts

4

evidence at trial in order to lay a foundation for his claim that he received ineffective assistance of appellate counsel. In its response brief, the State asserted that § 46-21-105(2), MCA, barred Adgerson from directly challenging the trial court's evidentiary ruling via postconviction proceedings. On appeal, Adgerson contends the District Court erred by not granting his petition based on the trial court's erroneous evidentiary ruling and the State again responds that his challenge to the trial court's ruling is procedurally barred. We agree with the State.

¶11 "When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a [postconviction relief proceeding]." Section 46-21-105(2), MCA. Alleged errors committed by a district court during trial which ostensibly affect the outcome of a case must be raised on direct appeal. *See State v. Woods*, 2005 MT 186, ¶ 30, 328 Mont. 54, ¶ 30, 117 P.3d 152, ¶ 30. Thus, a trial court's allegedly erroneous evidentiary ruling regarding admission of other crimes/acts evidence at trial is an issue which must be raised on direct appeal rather than via a postconviction relief proceeding. We conclude that Adgerson's direct challenge to the trial court's admission of other crimes/acts evidence is procedurally barred by § 46-21-105(2), MCA.

¶12 Adgerson also presents a passing argument that we should address this claim under our common law doctrine of plain error review. However, we consistently apply the statutory procedural bar "in order to prevent the abuse of postconviction relief by criminal

defendants who would substitute those proceedings for direct appeal." *Ford v. State*, 2005 MT 151, ¶ 14, 327 Mont. 378, ¶ 14, 114 P.3d 244, ¶ 14. While an exception to this procedural bar exists where a postconviction petitioner demonstrates a fundamental miscarriage of justice, the exception only applies to claims alleging newly discovered evidence which establishes that the petitioner did not commit the underlying offense. *Evert*, ¶ 16. Adgerson does not allege the existence of newly discovered evidence and provides no authority for his contention that our common law plain error doctrine may be applied in postconviction proceedings.

¶13 Finally, Adgerson contends, also in passing, that the due process provisions of the United States and Montana Constitutions require that his conviction be reversed because the trial court's erroneous admission of the other crimes/acts evidence rendered his trial fundamentally unfair. Adgerson did not raise a due process argument in support of this claim in his postconviction relief petition in the District Court. We frequently have held that we will not address issues raised for the first time on appeal. *Ford*, ¶ 12. Consequently, we decline to address this argument further.

¶14 We hold that the District Court did not err in failing to grant Adgerson's postconviction petition on the basis that the trial court abused its discretion in admitting evidence of other crimes, wrongs or acts at trial.

¶15 **2. Did the District Court err in concluding that Adgerson received effective assistance of appellate counsel?**

6

¶16    In his postconviction relief petition, Adgerson claimed that his appellate counsel rendered ineffective assistance by failing to raise on appeal the issue of whether the trial court abused its discretion in allowing the State to present other crimes/acts evidence at trial. The District Court determined that Adgerson's appellate counsel made a reasonable strategic decision not to raise the issue on appeal and, as a result, Adgerson had failed to establish his appellate counsel was ineffective. Adgerson asserts the District Court's determination in this regard is erroneous.

¶17    When addressing ineffective assistance of counsel claims, we apply the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), which requires the defendant to establish that his or her counsel's performance was deficient and that the deficient performance prejudiced the defense, thereby depriving the defendant of a fair trial. *Dawson v. State*, 2000 MT 219, ¶ 20, 301 Mont. 135, ¶ 20, 10 P.3d 49, ¶ 20. We apply this same two-prong test when considering a petitioner's postconviction claim of ineffective assistance of appellate counsel, requiring the petitioner to demonstrate that "counsel's advice fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the petitioner would have prevailed on appeal." *Dawson*, ¶ 147. A petitioner bears a heavy burden in seeking to reverse a district court's denial of postconviction relief based on a claim of ineffective assistance of counsel. *Dawson*, ¶ 20. Furthermore, both prongs of the *Strickland* test must be met, and a court is not required to address both prongs where a defendant makes an

insufficient showing on one. *State v. Vaughn*, 2007 MT 164, ¶ 30, 338 Mont. 97, ¶ 30, 164 P.3d 873, ¶ 30.

¶18    In assessing whether counsel's performance was deficient under the first prong of the *Strickland* test, we have stated that a court's scrutiny of counsel's performance must be highly deferential and there is a strong presumption that counsel's actions regarding defense strategies fall within a wide range of reasonable and sound professional assistance. *Vaughn*, ¶ 29.

> A defendant seeking to establish that counsel's performance was deficient must show that counsel's challenged actions stemmed from ignorance or neglect, rather than from professional deliberation. Thus, courts give counsel's strategic decisions great deference and such strategic decisions cannot form the basis upon which to find ineffective assistance of counsel.

*Vaughn*, ¶ 29 (citation omitted). "Given the deference afforded counsel under the *Strickland* test, strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable." *State v. Thee*, 2001 MT 294, ¶ 17, 307 Mont. 450, ¶ 17, 37 P.3d 741, ¶ 17.

¶19    As stated above, Adgerson's appellate counsel filed an affidavit with the District Court in response to Adgerson's postconviction claim of ineffective assistance. In his affidavit, appellate counsel stated that, prior to filing the opening brief on appeal, he had numerous discussions with Adgerson regarding the possible issues to be raised in the direct appeal and also consulted with other attorneys in determining which issues should be raised. Appellate counsel further stated that, as a matter of legal strategy, he chose to raise on appeal only those few issues which he believed had the most merit and chance of garnering a

8

reversal of Adgerson's conviction. Additionally, appellate counsel stated that, in his professional judgment, the determination to admit the other crimes/acts evidence at trial was within the trial court's discretion and a challenge to that exercise of discretion was unlikely to be successful on appeal.

¶20 Appellate counsel's affidavit reflects that he made a reasoned strategic decision in electing not to raise the other crime/acts evidence issue on direct appeal. His decision was not a result of ignorance or neglect, but was a conscious and considered tactical choice. In these circumstances, we cannot say that there was no plausible justification for counsel's decision. *See, e.g., State v. Jefferson*, 2003 MT 90, ¶ 50, 315 Mont. 146, ¶ 50, 69 P.3d 641, ¶ 50. As a result, such tactical and strategic decisions "cannot form the basis upon which to find ineffective assistance of counsel." *Vaughn*, ¶ 29.

¶21 We conclude, therefore, that Adgerson has failed to establish under the first prong of the ineffective assistance of counsel test that his appellate counsel's performance was deficient. Furthermore, because both prongs of the *Strickland* test must be met and Adgerson has made an insufficient showing on the first prong, we are not required here to address the prejudice prong. *Vaughn*, ¶ 30. As a result, we hold that the District Court did not err in concluding that Adgerson received effective assistance of appellate counsel.

¶22 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART

9

/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS


Justice Patricia O. Cotter dissents.

¶23    I concur with the Court's resolution of Issue 1, but dissent from our resolution of Issue 2. I would conclude that Adgerson received ineffective assistance of appellate counsel.

¶24    The Court concludes that because counsel made a strategic decision not to raise the other crimes/acts evidence on direct appeal, the District Court did not err in concluding that Adgerson received effective assistance of appellate counsel. Opinion, ¶¶ 20-21. While I agree that our scrutiny of counsel's performance must be highly deferential (Opinion, ¶ 18), the fact that counsel's decision not to raise an issue on appeal may have been strategic does not render it unassailable. I submit that even under a highly deferential review, counsel's election not to appeal the District Court's decision to admit other crimes and acts falls outside the "wide range of reasonable and sound professional assistance." Opinion, ¶ 18.

¶25    Trial counsel protested vigorously the State's request to introduce evidence of other crimes, arguing that the evidence did not fit within the *Just/Matt* criteria, and that it would be extremely prejudicial. In addition, counsel filed a motion *in limine* seeking to preclude admission of the particular bad acts and crimes evidence the State sought to introduce. After the court granted the State's motion to introduce the evidence, Adgerson's trial counsel filed a motion to reconsider, arguing that the District Court had misinterpreted the need to prove Adgerson's intent with other crimes evidence. During trial, counsel sought further

10

clarification and repeatedly objected to the introduction of this evidence. Thus, there is no question that the objection to the other crimes and acts evidence was the most obvious and well-preserved issue in the trial record; in fact, it was the mainstay of Adgerson's defense.

¶26 While the State, in a "shotgun" *Just* Notice, offered a flurry of justifications for the introduction of the other crimes evidence, the bottom line is that the State wanted to demonstrate to the jury that Adgerson was convicted of a similar crime before, and therefore he obviously did it again. The prosecutor trumpeted this very theme throughout his cross-examination of Adgerson, and then closed the State's case by arguing that Adgerson's prior convictions were the most persuasive and convincing evidence that he was guilty of the acts with which he was charged in the instant case. The prosecutor stated to the jury: "What stronger evidence do you need? He pled guilty to that behavior." This is precisely the type of argument that M. R. Evid. 404(b) was designed to preclude. *State v. Keys*, 258 Mont. 311, 317, 852 P.2d 621, 625 (1993).

¶27 Trial counsel—with the help of the State given the manner in which it presented its case—created a compelling and comprehensive record for the proposition that the District Court erred in admitting the other crimes evidence, providing appellate counsel with a clear roadmap for appeal. Given this record and the questionable legal authority underlying the District Court's decision to admit the evidence to show proof of Adgerson's intent and the victim's state of mind, appellate counsel was presented with ample opportunity to demonstrate on appeal that the admission of such highly prejudicial evidence constituted an abuse of discretion. This being so, I cannot agree that the decision not to raise this issue on

11

appeal, regardless of the fact that it may have been tactical and strategic, "cannot form the basis upon which to find ineffective assistance of counsel." *Vaughn*, ¶ 29; Opinion, ¶ 20. In my judgment, this is one of those rare instances in which the presumption that counsel's defense strategy falls within a wide range of reasonable and sound professional assistance, must fail. I would conclude that counsel rendered ineffective assistance on appeal by failing to raise this issue and on that basis, would reverse and remand for a new trial. I dissent from our refusal to do so.

/S/ PATRICIA COTTER

Justice James C. Nelson joins the Dissent of Justice Patricia O. Cotter.

/S/ JAMES C. NELSON