IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 77N

CORY MINEZ,

      Petitioner and Appellant,

    v.                            DA 06-0822

STATE OF MONTANA,

      Respondent and Appellee.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CORY MINEZ,

      Petitioner and Appellant,

    v.                            DA 07-0073

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                     In and For the County of Lake, Cause Nos. DC-00-30, DC-00-113
                     Honorable C.B. McNeil, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

               Jim Wheelis, Chief Appellate Defender; Meghan Lulf Sutton
               Assistant Appellant Defender, Helena, Montana

        For Appellee:

               Hon. Mike McGrath, Attorney General; C. Mark Fowler, Assistant
               Attorney General, Helena, Montana

Mitch Young, Lake County Attorney, Polson, Montana

Submitted on Briefs:  November 27, 2007

Decided:  March 4, 2008

Filed:

_____
                            Clerk

2

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Cory Minez (Minez) appeals from the order entered by the Twentieth Judicial District Court, Lake County, denying his petitions for postconviction relief relating to two separate underlying criminal proceedings.  We affirm.

¶3     The issue on appeal is whether the District Court erred in denying Minez's petitions for postconviction relief.

¶4     On December 17, 2001, the District Court entered judgment in its Cause No. DC-00-30 on Minez's convictions and sentences for the offenses of felony criminal production or manufacture of dangerous drugs, felony criminal possession of dangerous drugs and misdemeanor criminal possession of drug paraphernalia.  On February 20, 2002, the District Court entered judgment in its Cause No. DC-00-113 on Minez's convictions and sentences for the felony offenses of criminal production or manufacture of dangerous drugs and use or possession of property subject to criminal forfeiture.  Minez appealed separately from each judgment and we affirmed in both cases.  *See State v. Minez*, 2004 MT 115, 321 Mont. 148, 89 P.3d 966; *State v. Minez*, 2003 MT 344, 318 Mont. 478, 82 P.3d 1.

3

¶5     Minez subsequently filed petitions for postconviction relief collaterally challenging his convictions in each proceeding. His petition filed in Cause No. DC-00-30 alleged his trial counsel rendered ineffective assistance by failing to support his pretrial motion to suppress evidence with affidavits or other evidence; failing to request a hearing on the suppression motion; failing to challenge the sufficiency of the return on a search warrant as an additional basis for the motion to suppress; and failing to pursue his motion to dismiss the Information on double jeopardy grounds. Minez's petition in Cause No. DC-00-113 alleged his trial counsel rendered ineffective assistance of counsel by failing to adequately advise Minez regarding a plea agreement offered by the State; failing to pursue further plea negotiations with the State; failing to adequately advise Minez of the ramifications of the State's filing of a notice to seek persistent felony offender designation upon conviction; and failing to object to the State's persistent felony offender notice.

¶6     The District Court held a combined evidentiary hearing on both postconviction relief petitions at which Minez and his trial counsel testified. Following the hearing, the court entered its findings of fact, conclusions of law and an order denying Minez's petitions. With regard to the ineffective assistance of counsel claims relating to Cause No. DC-00-30, the District Court concluded Minez's claims were barred by § 46-21-105, MCA, because they could have been raised on direct appeal and, further, that Minez failed to establish either deficient performance or prejudice regarding those claims. The District Court similarly determined that Minez failed to establish either deficient performance or prejudice regarding the claims relating to Cause No. DC-00-113. Minez appeals. Following the filing of his

4

notices of appeal, Minez moved this Court to consolidate the cases for purposes of appeal and we granted the motion.

¶7     We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and its conclusions of law correct. *Adgerson v. State*, 2007 MT 336, ¶ 7, 340 Mont. 242, ¶ 7, 174 P.3d 475, ¶ 7.  We analyze postconviction claims of ineffective assistance of counsel by applying a two-prong test which requires a petitioner to establish that his counsel's performance was deficient and the deficient performance prejudiced the defense.  *Adgerson*, ¶ 17.  "A petitioner bears a heavy burden in seeking to reverse a district court's denial of postconviction relief based on a claim of ineffective assistance of counsel."  *Adgerson*, ¶ 17.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.  It is manifest on the face of the briefs and the record that the appeal is without merit because there is clearly sufficient evidence to support the District Court's findings of fact and the issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶9     Affirmed.

/S/ KARLA M. GRAY

We concur:

5

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER