DA 09-0603

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 212

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

WILLIAM A. PARRISH,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Rosebud, Cause No. DC 08-27
Honorable Joe L. Hegel, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Elizabeth Thomas, Attorney at Law, Missoula, Montana

      For Appellee:

      Steve Bullock, Montana Attorney General; John Paulson, Assistant
Attorney General; Helena, Montana

      Michael B. Hayworth, Rosebud County Attorney, Forsyth, Montana

Submitted on Briefs:  August 4, 2010

Decided:  October 5, 2010

Filed:

_____
Clerk

W. William Leaphart delivered the Opinion of the Court.

¶1     After six hours of deliberations, a Rosebud County jury convicted William Parrish (Parrish) of criminal endangerment.  Parrish appeals the conviction, raising the following issues:

¶2     **1.  Did the District Court abuse its discretion in denying Parrish's motion for a new trial based on an alleged *Brady* violation?**

¶3     **2.  Did the District Court abuse its discretion in denying Parrish's motion for a new trial based on the discovery of new evidence?**

¶4     **3.  Did the District Court commit plain error by failing to give a lesser included offense instruction to the jury?**

¶5     **4.  Was Defense Counsel ineffective in choosing not to propose a lesser included offense instruction?**

## FACTUAL AND PROCEDURAL BACKGROUND

¶6     In 2008, Parrish lived in Forsyth, Montana, with his girlfriend (B.H.) and her two children (M.G. and his sister).  On June 16, 2008, Parrish was watching the two children when M.G.'s arm was injured.  Parrish promptly obtained medical treatment for M.G..  While at the facility, Child and Family Services (CFS) Regional Supervisor Grant Larson (Larson) and a deputy sheriff spoke with Parrish, but no charges were filed.

¶7     On August 5, 2008, Parrish again watched the children.  After returning home, B.H. observed that M.G. was behaving abnormally and she took him to the medical clinic in Forsyth that same day.  At the clinic, B.H. learned that M.G. had sustained a skull fracture, internal bruising, and broken ribs.  M.G. was transported by ambulance to the Billings Clinic and eventually to Children's Hospital in Aurora, Colorado.  Parrish told

B.H., Larson, and the deputy sheriff that he was unaware of any cause for M.G.'s injuries.

¶8 Due to Parrish's failure to seek treatment for M.G. on August 5, 2008, he was charged with criminal endangerment. After the charges were filed, Parrish developed a different story, this time explaining M.G.'s injuries. Parrish alleges that he did not report the injuries immediately because he feared the State would take the kids away, given the investigation concerning the events of June 16, 2008.

¶9 Parrish's counsel filed a discovery request for "[a]ll medical reports of any nature prepared in reference to M.G.," "[a]ll [Department of Health and Human Services (DPHHS)] reports relating to M.G.," and "[a]ll legal pleadings or reports in any pending [dependant and neglect] action concerning M.G. pertinent to M.G.'s physical or mental condition." The State responded and agreed to proffer all documents not precluded by § 41-3-205, MCA. Regarding the discovery request for DPHHS reports that may be precluded by statute, the State offered to provide the entire investigative file subject to *in camera* screening.

¶10 The District Court held an *in camera* proceeding and issued an order prior to trial. Attached to the order were copies of DPHHS documents for Defense Counsel's use in preparation for trial. An Investigative Safety Assessment (assessment) accompanied the court's order and provided a description of a meeting on June 17, 2008, wherein DPHHS

3

Child Protection Specialist Lisa Reiger (Reiger) met with B.H. at her home. At this meeting Reiger had B.H. sign information release forms (releases).[1]

¶11 At trial, Larson testified that he called B.H. at home on June 17, 2008, and informed her that the investigation regarding M.G.'s broken arm was closed and that a social worker would stop by the house. On redirect-examination of Larson, the State attempted to admit the assessment into evidence. Defense Counsel objected. On recross-examination of Larson, Defense Counsel moved to admit the first two pages of the seven page assessment into evidence for the purpose of impeaching Larson's testimony that the broken arm investigation concluded on June 16, 2008. The District Court admitted the first two pages into evidence as Defense Exhibit B on the condition that the remaining five pages were also admitted.

¶12 Parrish and B.H. both testified that CFS did not contact the couple to inform them that the investigation regarding the broken arm incident had concluded. They both testified that they had lived in fear of having their children taken away subsequent the June 16, 2008, incident. On day four of trial, the State introduced the signed releases to impeach B.H.'s testimony that she was not contacted by CFS.

¶13 Defense Counsel did not offer an instruction on negligent endangerment or any lesser included offense. The jury found Parrish guilty of criminal endangerment. Thereafter, Parrish filed a motion for a new trial, which the District Court denied. Parrish now appeals his conviction and denial of his motion for a new trial.

---

[1] The assessment is actually dated June 16, 2008, despite its inclusion of the June 17, 2008, visit summary. Neither party raises this issue, therefore the Court notes this discrepancy, but finds the file error inconsequential.

**STANDARD OF REVIEW**

¶14 We review a district court's denial of a motion for a new trial under the abuse of discretion standard. *State v. Clark*, 2008 MT 391, ¶ 20, 347 Mont. 113, 197 P.3d 977.

¶15 We may also apply the common law plain error doctrine to review claimed errors that implicate a criminal defendant's fundamental constitutional rights, even if no objection is made, where failing to review the claimed error at issue may result in a manifest miscarriage of justice. *State v. Jackson*, 2009 MT 427, ¶ 42, 354 Mont. 63, 221 P.3d 1213.

**DISCUSSION**

¶16 **1. Did the District Court abuse its discretion in denying Parrish's motion for a new trial based on an alleged *Brady* violation?**

¶17 In order to establish a *Brady* violation, defendant must show (1) the State possessed evidence favorable to the defense; (2) the defendant did not possess the evidence nor could he have obtained it with reasonable diligence; (3) the State suppressed the favorable evidence; and (4) had the evidence been disclosed, a reasonable probability exists that the outcome of the proceedings would have been different. *Id.* at ¶ 53.

¶18 We recently observed in *State v. James*, 2010 MT 175, ¶ 36, 357 Mont. 193, 237 P.3d 672, that no *Brady* violation exists where both parties are aware of the existence of specific evidence and defense counsel could uncover the evidence with reasonable diligence. In *James*, defense counsel requested that the State provide "evidence that would mitigate or negate guilt." *Id.* at ¶ 30. Defense counsel then motioned for a new trial alleging a *Brady* violation for the State's failure to provide the victim's booking

5

photo. *Id*. at ¶ 32.  The district court found that both parties knew prior to trial that the assault victim had been arrested the night of the incident and it was common knowledge that booking photos are taken of persons who are arrested.  *Id*. at ¶ 33.  In *James*, we concluded that since counsel for the defendant was generally familiar with booking procedures, counsel was constructively aware that a booking photo was probably in existence.  *Id*. at ¶¶ 33-36.

¶19     Here, where the assessment document put Parrish on actual notice of the existence and substance of the releases, the *James* rationale is even more compelling.  Parrish was aware of the releases and clearly in a position to specifically request production of the releases themselves.   This argument is belied by the fact that Parrish's counsel successfully moved to introduce the first two pages of the assessment and then objected when the State sought to introduce page seven, the page containing the summary of the releases.  Since Parrish has failed to show that he could not have obtained the releases with reasonable diligence, he has not satisfied the second prong of the *Brady* test and we need not discuss the other three prongs.

¶20     **2.  Did the District Court abuse its discretion in denying Parrish's motion for a new trial based on the discovery of new evidence?**

¶21     Parrish contends that the District Court abused its discretion in denying his motion for a new trial due to newly discovered evidence, i.e. the releases.  In order to prevail on a motion for a new trial grounded on newly discovered evidence, a defendant must meet the five part *Berry* test that we restated in *State v. Clark*, 2005 MT 330, ¶ 34, 330 Mont. 8, 125 P.3d 1099.  Inter alia, a defendant must establish that the failure to discover the

6

evidence sooner was not the result of the defendant's lack of diligence. *Id.* As discussed above, Defense Counsel was aware of the releases before trial and Parrish could have obtained the releases themselves with reasonable diligence. Since Parrish failed to satisfy the diligence requirement, the District Court did not abuse its discretion in denying his motion for a new trial.

¶22 **3. Did the District Court commit plain error by failing to give a lesser included offense instruction to the jury?**

¶23 Parrish requests that we review the District Court's jury instructions for plain error. Specifically, Parrish contends that the District Court should have *sua sponte* instructed the jury as to the lesser included offense of § 45-5-208, MCA, Negligent endangerment.

¶24 Although we have exercised discretionary authority to review claimed errors that affect a defendant's fundamental rights under the common law plain error doctrine where no objections are made at trial, *State v. Finley*, 276 Mont. 126, 137, 915 P.2d 208, 215 (1996), the plain error doctrine is "to be employed sparingly" and "pursuant to narrow circumstances." *State v. Lindberg*, 2008 MT 389, ¶ 34, 347 Mont. 76, 196 P.3d 1252. According to § 46-16-410 (3), MCA:

> A party may not assign as error any portion of the instructions or omission from the instructions unless an objection was made specifically stating the matter objected to, and the grounds for the objection, at the settlement of instructions.

Absent request by the parties, the trial court has no duty to instruct the jury on a lesser included offense. *State v. Sheppard*, 253 Mont. 118, 124, 832 P.2d 370, 373 (1992). As we explained in *Sheppard*, "defense counsel may want to omit such an instruction as a

7

matter of strategy." *Id.* Therefore, the District Court's discretion not to instruct the jury on a lesser included offense of negligent endangerment *sua sponte* does not warrant plain error review.

¶25 **4. Was Defense Counsel ineffective in choosing not to propose a lesser included offense instruction?**

¶26 When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *State v. Gunderson,* 2010 MT 166, ¶ 67, 357 Mont. 142, 237 P.3d 74. Additionally, there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and was based on sound trial strategy. *State v. Whitlow,* 2008 MT 140, ¶ 33, 343 Mont. 90, 183 P.3d 861. Parrish asserts that Defense Counsel had no plausible justification for not submitting a lesser included offense instruction on negligent endangerment. Given that we have recognized that counsel can, for strategic reasons, choose not to offer a lesser included offense instruction, *Sheppard,* 253 Mont. at 124, 832 P.2d at 373, we cannot conclude that counsel's representation fell below an objective standard of reasonableness.

¶27 We affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JAMES C. NELSON
/S/ JIM RICE