DA 12-0093

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 160N

WILLIAM PARRISH,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Rosebud, Cause No. DV 11-53
Honorable Joe L. Hegel, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      William A. Parrish (self-represented litigant); Shelby, Montana

      For Appellee:

      Steve Bullock, Montana Attorney General; Katie F. Schulz,
Assistant Attorney General, Helena, Montana

      Michael B. Hayworth, Rosebud County Attorney, Forsyth, Montana

Submitted on Briefs: June 19, 2012

Decided: July 24, 2012

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 William Parrish appeals from the District Court's decision entered January 18, 2012, denying his petition for postconviction relief. We affirm.

¶3 In 2008 Parrish was convicted of criminal endangerment, and this Court affirmed the conviction on direct appeal. *State v. Parrish*, 2010 MT 212, 357 Mont. 477, 241 P.3d 1041. In October, 2011 Parrish filed a petition for postconviction relief. Parrish contended that he was sentenced based upon erroneous information about his prior criminal record, and that the erroneous information was submitted by the County Attorney because of anger toward Parrish.

¶4 The District Court denied Parrish's petition under § 46-21-105(2), MCA, which provides that grounds for relief may not be raised in postconviction relief if those grounds were or could reasonably have been raised on direct appeal. *State v. Adgerson*, 2007 MT 336, ¶ 11, 340 Mont. 242, 174 P.3d 475; *Herman v. State*, 2006 MT 7, ¶ 55, 330 Mont. 267, 127 P.3d 422. The issue of the accuracy of Parrish's prior criminal history was raised by his attorney at the time of sentencing and was considered by the District Court at that time. Since that issue was known and could have been raised in the direct appeal in 2010, it may not be raised in this postconviction relief proceeding.

¶5 Parrish claims, for the first time on appeal, that his appellate attorney rendered ineffective assistance by failing to raise the issue of erroneous sentencing information in his direct appeal in 2010. This Court will not consider issues raised for the first time on appeal. *Ellenburg v. Chase*, 2004 MT 66, ¶ 15, 320 Mont. 315, 87 P.3d 473. In any event, the facts of Parrish's sentencing belie his claim of sentencing error. At sentencing his attorney presented written objections to the accuracy of the criminal history contained in the presentence investigation, cross-examined the author of the report, and fully advised the District Court on Parrish's position. Parish presents no evidence that his sentence was based in any material way on the precise number of prior felony convictions he had, and therefore has not made any showing that the issue would have garnered him any material relief if it had been raised on direct appeal.

¶6 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶7 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ MICHAEL E WHEAT
/S/ JIM RICE