DA 12-0016

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 280N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

STEVEN TODD COLVIN,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Silver Bow, Cause No. DC 09-193
Honorable Brad Newman, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jennifer A. Giuttari, Montana Legal Justice, PLLC, Missoula, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Tammy A. Hinderman, Assistant Attorney General, Helena, Montana

          Eileen Joyce, Silver Bow County Attorney; Kelli Fivey, Deputy County Attorney, Butte, Montana

                      Submitted on Briefs:  October 17, 2012
                                  Decided:  December 4, 2012

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Steven Todd Colvin (Colvin) appeals from a judgment entered by the Second Judicial District Court, Silver Bow County, denying his motion for a new trial.  We affirm.

¶3      On December 11, 2009, Colvin was charged by Information with two counts of felony assault on a peace officer, two counts of misdemeanor assault with a bodily fluid, one count of misdemeanor assault, and one count of resisting arrest.  The charges all stemmed from an altercation with two police officers and a private security guard on November 10, 2009.  Colvin pled not guilty and a jury trial was held on June 6-8, 2011.

¶4      Prior to the trial, John Pierce, the security guard involved in the incident, filed a civil action against several defendants, including Colvin, for an injury he allegedly sustained during the altercation with Colvin.  Colvin, in turn, filed a counterclaim against Pierce.  Two of the expert witnesses who were retained for the civil case also testified for Colvin during the criminal trial.  During the trial, the State pointed this out several times in its closing and rebuttal arguments.

¶5      The jury convicted Colvin of four of the six counts, acquitting him of one count of felony assault and one count of assault with a bodily fluid.  On July 8, 2011, Colvin filed a motion for a new trial or, in the alternative, for judgment of acquittal.  He argued, in part, that the State made comments in its closing and rebuttal arguments that amounted to

prosecutorial misconduct. Specifically, he complained that the State misrepresented the status of the civil action arising from the incident and unfairly referred to Colvin's expert witnesses as "hired guns," suggesting that Colvin paid them to testify in a specific way.

¶6 The court held a hearing on the motion on August 18, 2011. The court denied the motion, determining that Colvin's failure to make a timely objection at trial concerning the alleged prosecutorial misconduct constituted a waiver of the objection. Colvin timely appeals.

¶7 We review a district court's denial of a motion for a new trial for an abuse of discretion. *State v. Parrish*, 2010 MT 212, ¶ 14, 357 Mont. 477, 241 P.3d 1041. As a general rule, parties may raise on direct appeal only those issues and claims that were properly preserved by timely objection in the trial court. *State v. West*, 2008 MT 338, ¶ 16, 346 Mont. 244, 194 P.3d 683. This Court may invoke the plain error doctrine "only in situations that implicate a defendant's fundamental constitutional rights when failing to review the alleged error may result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the proceedings, or compromise the integrity of the judicial process." *State v. Lacey*, 2012 MT 52, ¶ 14, 364 Mont. 291, 272 P.3d 1288 (citing *State v. Thorp*, 2010 MT 92, ¶ 23, 356 Mont. 150, 231 P.3d 1096). We apply plain error review sparingly. *Lacey*, ¶ 14 (citing *Thorp*, ¶ 23).

¶8 On appeal, Colvin points to five specific statements the State made during its closing and rebuttal arguments that he argues amount to prosecutorial misconduct. Although he never objected to any of these statements during the State's closing or rebuttal arguments, he claims he made a continuing objection during the State's cross-examination of one of the

3

expert witnesses that carried over into the closing arguments. The objection was made during a line of questioning regarding a doctor's evaluation of Colvin after the incident. Specifically, the following discussion occurred:

PROSECUTOR: Is it your testimony today that [the doctor] was in error?

EXPERT: If it's going to be one or the other, one of the best neurologists in the country and myself are right.

PROSECUTOR: And so would this be like kind of malpractice on his part then or something?

EXPERT: Oh—oh, no. Just a difference in professional judgment. And I'm sure he's a fine doctor, just a difference in point of view and perhaps history taking and what information he had. And I'm in no way saying anything negative about him. It's a difference of opinion based on information, you know, that we had and he had.

PROSECUTOR: So Mr. Colvin should include him in his counterclaims against everybody?

DEFENSE COUNSEL: Objection, Your Honor.

COURT: Sustained.

¶9 Colvin argues that this objection is a continuing objection to a mischaracterization of the civil case.

¶10 In determining whether an objection made at an earlier phase of a trial constitutes a continuing objection that carries over into a later phase, we look at how divergent the objections are in time and subject matter. See *State v. Campbell*, 241 Mont. 323, 787 P.2d 329 (1990). Here, Colvin did not request that his objection made during cross-examination of the expert be continuing, nor did he even provide any basis for the objection. Given its context, the District Court's order sustaining the objection could have been based on grounds

4

that had nothing to do with a mischaracterization of the civil case, such as that it was argumentative. Colvin's generic objection was not sufficient to constitute a continuing objection that carried over into the closing arguments.

¶11 Colvin further argues that even if he did not properly preserve his objection for appeal, we should review the State's statements for plain error in the interest of protecting his constitutional right to a fair trial. He claims the State's remarks characterized Colvin and his experts as liars motivated by money, and that such a characterization created a danger that the jury would adopt the State's views and not exercise their own judgment. "[A] prosecutor is entitled to some latitude in his argument about a witness's credibility." *State v. Green*, 2009 MT 114, ¶ 34, 350 Mont. 141, 205 P.3d 798. And, while it is generally improper for a prosecutor to offer personal opinions on the credibility of the accused or the witnesses, it is permissible "to comment on conflicts and contradictions in testimony, as well as to comment on the evidence presented and suggest to the jury inferences which may be drawn therefrom." *Green*, ¶ 33. After reviewing the State's remarks made during its closing and rebuttal arguments, we do not believe Colvin's right to a fair trial was implicated. We therefore decline to exercise plain error review.

¶12 For the reasons stated above, we conclude the District Court did not abuse its discretion when it denied Colvin's motion for a new trial. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our Internal Operating Rules, which provides for noncitable memorandum opinions.

¶13 Affirmed.

/S/ MICHAEL E WHEAT

5

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JIM RICE
/S/ BRIAN MORRIS