DA 14-0066

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 268N

PHILLIP HOLLIDAY,

   Petitioner and Appellant,

  v.

STATE OF MONTANA,

   Respondent and Appellee.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
       In and For the County of Yellowstone, Cause No. DV 13-862
       Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

   Phillip Holliday (Pro Se), Billings, Montana

   For Appellee:

   Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
   Attorney General, Helena, Montana

   Scott Twito, Yellowstone County Attorney, Daniel Schwarz, Deputy
   County Attorney, Billings, Montana

         Submitted on Briefs: September 10, 2014
             Decided: October 7, 2014

Filed:

      _____
         Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Holliday appeals from the District Court's dismissal of his petition for postconviction relief (PCR). The issues on appeal are whether the District Court erred in denying Holliday's request for a hearing and dismissing his petition for PCR. We affirm.

¶3    In June 2012, Holliday was charged with two counts of felony partner or family member assault (PFMA), § 45-5-209, MCA. The charges stem from assaults on Tomi Gray on June 6 and 7, 2012. At the time, Ms. Gray had multiple criminal charges pending against her. Ms. Gray signed a deferred prosecution agreement (DPA) with the Yellowstone County Attorney's office, whereby she agreed to cooperate in the prosecution of Holliday. Gray and Holliday's cases were managed by different deputy county attorneys, Ms. Callender and Mr. Carter, respectively. The county attorneys maintain that Mr. Carter was not aware of the DPA. As a result, the State failed to disclose the agreement to defense counsel.

¶4    Despite the county's oversight, Holliday's attorney, Erik Moore, obtained a copy of the DPA from an investigator. Mr. Moore used the DPA during plea negotiations with the county attorney. Ultimately, Holliday pled guilty to two counts of felony PFMA and

2

was sentenced to three years, all suspended on each count. Soon after, Holliday's suspended sentence was revoked. Holliday then petitioned the District Court for postconviction relief for failure to disclose exculpatory material, racially selective prosecution, and prosecutorial misconduct. The District Court denied the petition and declined to conduct an evidentiary hearing.

¶5 This Court reviews a district court's denial of a PCR petition to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Sartain v. State*, 2012 MT 164, ¶ 9, 365 Mont. 483, 285 P.3d 407. We review discretionary rulings in PCR proceedings, including rulings related to whether to hold an evidentiary hearing, for an abuse of discretion. *State v. Morgan*, 2003 MT 193, ¶ 7, 316 Mont. 509, 74 P.3d 104.

**PCR Hearing**

¶6 The District Court did not err in denying Holliday's request for a hearing and leave to conduct more discovery. The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to relief. *Herman v. State,* 2006 MT 7, ¶ 44, 330 Mont. 267, 127 P.3d 422. A petition for postconviction relief must "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." Section 46-21-104(1)(c), MCA; *State v. Finley,* 2002 MT 288, ¶ 8, 312 Mont. 493, 59 P.3d 1132. Unsupported allegations are insufficient to entitle a petitioner to a hearing. *Finley*, ¶ 9. A district court "may dismiss a petition for postconviction relief without holding an

evidentiary hearing if the procedural threshold set forth in § 46-21-104(1)(c), MCA, is not satisfied." *Herman,* ¶ 15.

¶7 Holliday failed to provide any evidence, beyond conclusory allegations, demonstrating entitlement to relief. Statements suggesting that the materials "show someone is lying or misleading the police" are insufficient. Further, Holliday failed to show any evidence of racial discrimination in the prosecution and ultimately abandoned that claim in his opening brief to this Court. Petitioner failed to meet the requirements of § 46-21-104(1)(c), MCA, and the District Court properly dismissed the petition without a hearing.

¶8 Holliday further suggests that the District Court erred by collecting testimony from Mr. Moore via a *Gillham* order authorizing an affidavit rather than a hearing. *In re Gillham,* 216 Mont. 279, 704 P.2d 1019 (1985). Holliday contends that a hearing would have shown the "coercion and unique circumstances" absent from Moore's affidavit, but provides no additional facts for this contention. The court acted within its discretion and did not err.

**Brady Violations and Prosecutorial Misconduct**

¶9 The District Court did not err when it denied Holliday's petition for postconviction relief. Holliday alleges that the State failed to disclose Gray's DPA and police reports relating to an investigation at 811 N. 24th St, Billings MT, involving the petitioner and the victim. Holliday maintains that the evidence had impeachment value.

¶10 The petitioner bears the burden of establishing a *Brady* violation. *Gollehon v. State,* 1999 MT 210, ¶ 15, 296 Mont. 6, 986 P.2d 395. The petitioner must show that the

4

State possessed evidence favorable to the defendant and the petitioner neither possessed nor could obtain the evidence with reasonable diligence. *Gollehon,* ¶ 15. Additionally, the petitioner must show that "the prosecution suppressed the favorable evidence and had the evidence been disclosed, a reasonable probability exists that the outcome of the proceedings would have been different." *Gollehon* ¶ 15.

¶11 Holliday has failed to establish a *Brady* violation regarding the DPA. Most importantly, Holliday cannot prove that he neither possessed the evidence nor could have obtained it. Mr. Moore, Holliday's defense attorney, knew of the DPA and used it to negotiate a favorable plea agreement for Holliday. Moore's affidavit specifically notes that "[d]espite five prior felony convictions, I negotiated a three year suspended sentence in each case to run concurrently." There is no *Brady* violation when "both parties are aware of the existence of specific evidence." *State v. Parrish*, 2010 MT 212, ¶ 18, 357 Mont. 477, 241 P.3d 1041.

¶12 Holliday also failed to establish a *Brady* violation regarding the police report. Holliday believes the State should have disclosed a report of an investigation conducted at 811 N. 24th Street in Billings. Holliday references the alleged report in both his original petition and subsequent motion, referring to the "ransack" and "invasion" of the home. While it is unclear whether a report actually exists and why the State and District Court did not address this claim, the result remains the same. Holliday failed to allege anything more than conclusory assertions relating to the report and made no showing of how the outcome of the proceedings would have been different with further disclosures.

5

Moreover, he is unable to claim he was unaware of the report as the incident itself apparently involved Holliday and the same victim.

¶13 Finally, while the State did not provide the material, there is no indication of purposeful suppression or bad faith. Negligently suppressed evidence is only a due process violation when it is "material and of substantial use, vital to defense, and exculpatory." *State v. Gollehon*, 262 Mont. 1, 13, 864 P.2d 249, 257 (1993) (citations omitted). "Evidence is material if there is a reasonable probability that the result would have been different had the evidence been disclosed to the defense." *Kills On Top v. State*, 2000 MT 340, ¶ 23, 303 Mont. 164, 15 P.3d 422 (citations omitted). Again, given that the defense had the subject information, there is no evidence suggesting that the results would have been different with further disclosure.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶15 Affirmed.

/S/ MIKE McGRATH

We Concur:


/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA

6