FILED

January 20 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0846

DA 13-0846

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 16N

LIONEL SCOTT ELLISON,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 12-724
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Elizabeth J. Honaker, Honaker Law Firm; Billings, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss, Assistant
Attorney General; Helena, Montana

          Scott D. Twito, Yellowstone County Attorney, Julie Mees, Deputy County
Attorney; Billings, Montana

Submitted on Briefs:  December 10, 2014
Decided:  January 20, 2015

Filed:

_____
                Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of nonciteable cases published in the Pacific Reporter and Montana Reports.

¶2     Lionel Ellison appeals from the order of the Montana Thirteenth Judicial District Court, Yellowstone County, denying his petition for postconviction relief from his conviction for partner or family member assault. We affirm.

¶3     On May 6, 2010, Ellison was convicted of partner or family member assault by the Yellowstone County Justice Court. Ellison was represented by Penelope Strong before and during the bench trial that resulted in this conviction.

¶4     Following his conviction, Ellison retained new counsel and appealed to the Thirteenth Judicial District Court. Ellison raised nine issues, which included an allegation that Strong rendered ineffective assistance of counsel (IAC). Ellison claimed that while he insisted upon a jury trial, Strong failed to demand a jury trial on his behalf. On January 11, 2011, the District Court denied Ellison's appeal, noting that his IAC claim would be more properly raised in a petition for postconviction relief.

¶5     Ellison then appealed his conviction to this Court. Relying on other arguments raised before the District Court, he did not appeal the District Court's decision regarding his IAC claim. We affirmed his conviction on the merits in a March 6, 2012 opinion.

¶6     On June 13, 2012, Ellison filed a petition with the District Court asking for postconviction relief. In addition to the several other alleged grounds for this relief, Ellison

2

again argued that Strong rendered IAC based on her failure to demand a jury trial on Ellison's behalf. The District Court denied the petition without a hearing, and Ellison appealed to this Court. We concluded that the facts in the record did "not conclusively show whether Ellison consented to waive his right to a jury trial." Accordingly, we remanded the case to the District Court for "an evidentiary hearing on the question of whether Ellison waived his right to a jury trial."

¶7 The District Court held a hearing on Ellison's postconviction relief claims on October 18, 2013. Ellison, Ellison's father, and Strong testified at the hearing. Ellison's father testified that he attended all of the meetings between Ellison and Strong. At the hearing, Ellison and his father claimed that Ellison asked for a jury trial during a meeting with Strong. Strong, meanwhile, testified that while she could not recall whether Ellison requested a jury trial, she would have filed a jury demand if Ellison had wanted a jury trial. She stated that if one of her clients wants a jury trial, even in contradiction to her legal advice, then she always files a jury demand on his or her behalf.

¶8 The District Court determined that Strong provided the most credible testimony during the hearing. Based largely on this determination, it issued findings of fact, conclusions of law, and an order denying Ellison's petition for postconviction relief. The findings of fact included findings that:

17. Ms. Strong followed her usual course of practice in advising [Ellison].
18. Ms. Strong did not recall [Ellison] saying or insisting he wanted a jury trial. She would have put a note to that effect in the file.

. . .

3

21. At the time of the bench trial in May 2010, [Ellison] would have seen that there was no jury. At no time did [Ellison] protest that he had wanted a jury trial. Ms. Strong would have remembered his demand for a jury trial.

The District Court's conclusions of law included:

13. This Court has been in the position to weigh [Ellison]'s veracity for a number of years. [Ellison]'s veracity – or lack thereof – is an important factor, and this Court considers his veracity to be lacking. After an investigation, his probation officer determined [Ellison] once fabricated two job offers. [Ellison] has been convicted of making fraudulent statements and has twice claimed to have been kidnapped. The Court found [Ellison]'s father to be a credible witness, but it is clear that he was not in the room at every meeting between [Ellison] and Ms. Strong. This Court considers Ms. Strong to be a more credible witness than [Ellison].

Ellison appeals.

¶9 Ellison argues that he did not waive his right to a jury trial and that his constitutional right to a jury trial was violated. This is the first time Ellison makes this constitutional argument, and we are procedurally barred from considering it. We have consistently held that claims that could have been raised on direct appeal are barred from review under a petition for postconviction relief. Section 46-21-105(2), MCA; *Adgerson v. State*, 2007 MT 336, ¶¶ 11-12, 340 Mont. 242, 174 P.3d 475, *overruled on other grounds by Whitlow v. State*, 2008 MT 140, 343 Mont. 90, 183 P.3d 861; *State v. Evert*, 2007 MT 30, ¶¶ 15-16, 336 Mont. 36, 152 P.3d 713. Nor will we exercise plain error review over such claims unless they allege newly discovered evidence that establishes that the petitioner did not commit the underlying offense. *Adgerson*, ¶ 12. While Ellison has raised the claim of IAC based on waiver of his right to a jury, he has not in any of his multiple appeals or postconviction relief proceedings raised the independent argument that his constitutional right to trial by jury was

4

violated. As the argument is raised for the first time here and because Ellison does not allege any newly discovered, exculpatory evidence, we will not consider the argument.

¶10 Ellison also argues that he received IAC when Strong did not demand a jury trial, despite Ellison's instructions to do so. Ellison argues that the District Court should not have concluded otherwise, claiming that the District Court's conclusions are unsupported by properly admitted evidence in the record. Claims of IAC present mixed questions of law and fact that we review de novo. *State v. Brown*, 2011 MT 94, ¶ 8, 360 Mont. 278, 253 P.3d 859.

¶11 Ellison claims that the District Court's findings of fact 17, 18, and 21 and conclusion of law 13 are not supported by substantial evidence in the record and are, therefore, clearly erroneous. Yet, there is clear support for these findings in the record. Hr'g Tr., 34:18-24, 35:1-4, 36:9-23, 37:1-10, 41:4-10, Oct. 18, 2013. Moreover, even if the challenged conclusion of law and findings of fact were unsupported by substantial evidence, the District Court's remaining conclusions of law and findings of fact would support its conclusion that Ellison did not receive IAC.

¶12 Ellison also claims that the District Court improperly admitted evidence and testimony of Ellison's past criminal acts. Citing M. R. Evid. 609, Ellison argues that the District Court should have prohibited admission of any evidence or testimony regarding Ellison's past wrongdoing. Yet, the prohibition against admitting evidence and testimony regarding past acts of a witness is not nearly as broad as Ellison contends. While extrinsic evidence of past wrongful acts may not be used to attack a witness' character, M. R. Evid. 608(b) specifically allows instances of witness conduct to be inquired into during cross-examination, if such conduct is probative of the witness' truthfulness. Additionally, while

5

not admissible for evidence of character, evidence of "other crimes, wrongs, or acts" is admissible "for other purposes, such as proof of . . . knowledge." M. R. Evid. 404(b).

¶13 The evidence before the District Court was admitted in compliance with these rules. The extrinsic evidence of Ellison's past crimes was offered for the purpose of proving Ellison's knowledge about his right to a jury trial. Accordingly, it was admissible under M. R. Evid. 404(b). Other instances of Ellison's wrongdoing were probative of his truthfulness as a witness. These instances were not proven through extrinsic evidence, but were instead inquired into during Ellison's testimony. For these reasons, the testimony concerning Ellison's past wrongdoings was admissible under M. R. Evid. 608(b).

¶14 Ellison also claims that the District Court improperly relied on its own personal knowledge in reaching its decision regarding Ellison's credibility. The weight of evidence and the credibility of witnesses are exclusively within the province of the trier of fact. *Garrett v. State*, 2005 MT 197, ¶ 35, 328 Mont. 165, 119 P.3d 55. Where a district court makes findings resolving conflicting testimony, such findings will not be disturbed if they are supported by substantial evidence. *State v. Wetzel*, 2005 MT 154, ¶¶ 10-11, 327 Mont. 413, 114 P.3d 269. Assuming arguendo that Ellison's contention is true and disregarding the facts that Ellison claims are only supported by the District Court's personal knowledge, the District Court's credibility determination remains supported by substantial evidence. The inconsistencies between the testimony of Ellison's father and the testimony of Ellison, coupled with testimony regarding Ellison's prior acts of fraud and untruthfulness would have been enough to discredit Ellison. The District Court's determination that "Ms. Strong . . . [was] a more credible witness than [Ellison]" is supported by substantial evidence, even if

6

the facts purportedly supported only by the District Court's personal knowledge are disregarded. For this reason, we will not disturb the District Court's credibility determination.

¶15 Claiming that the District Court Judge exhibited prejudice and bias in making its IAC decision, Ellison also argues that he did not receive due process in the postconviction relief proceeding. Ellison, however, does not cite any relevant authority to support this argument. As we are not required to perform legal research or develop legal arguments on a party's behalf, we decline to consider this argument.

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for nonciteable memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶17 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE
/S/ PATRICIA COTTER

7