FILED

11/15/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0610

DA 15-0610

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 293N

JEREMIAH ALLEN JOHNSON,

Plaintiff and Appellant,

v.

STATE OF MONTANA,

Defendant and Appellee.

APPEAL FROM:     District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-15-861
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Jeremiah Allen Johnson (Self-Represented), Great Falls, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman,
Assistant Attorney General, Helena, Montana

Kirsten H. Pabst, Missoula County Attorney, Jennifer Clark, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs:  October 19, 2016

Decided:  November 15, 2016

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Jeremiah Allen Johnson (Johnson) appeals from the September 8, 2015 Order of the Fourth Judicial District Court, Missoula County, denying his petition for postconviction relief (PCR). We affirm.

¶3     Johnson was convicted of aggravated assault and assault with a weapon on February 13, 2013. Johnson appealed his conviction to this Court, arguing that the District Court erred in denying both his motion for a mistrial and his challenge for cause of a prospective juror. He also claimed that the court erred in failing to give a cautionary instruction to the jury. We affirmed his conviction in a memorandum opinion on May 13, 2014. *State v. Johnson*, 2014 129N, No. DA 13-0306, 2014 Mont. LEXIS 253.

¶4     On August 11, 2015, Johnson filed a PCR petition with the District Court, alleging trial errors including prosecutorial misconduct, *Brady*[1] violations, judicial misconduct, and three separate ineffective assistance of counsel claims. On September 8, 2015, the court dismissed the petition, finding that his claim was barred under § 46-21-105(2), MCA, and further concluding that each of the six issues he raised in his claim

---

[1] Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963).

substantively failed under § 46-21-201(1)(a), MCA.[2] Johnson now appeals the District Court's denial of his PCR petition.

¶5 We review a district court's denial of a PCR petition to determine if the court's findings of fact are clearly erroneous and if its conclusions of law are correct. *McGarvey v. State*, 2014 MT 189, ¶ 14, 375 Mont. 495, 329 P.3d 576.

¶6 Section 46-21-105, MCA, provides, in relevant part:

> (2) When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a proceeding brought under this chapter. Ineffectiveness or incompetence of counsel in proceedings on an original or an amended original petition under this part may not be raised in a second or subsequent petition under this part.
> (3) For purposes of this section, "grounds for relief" includes all legal and factual issues that were or could have been raised in support of the petitioner's claim for relief.

Additionally, we will not exercise plain error review over PCR claims unless the petitioner alleges newly discovered evidence "which establishes that the petitioner did not commit the underlying offense." *Adgerson v. State*, 2007 MT 336, ¶ 12, 340 Mont. 242, 174 P.3d 475.

¶7 In this case, Johnson admits that he relied exclusively on the trial record to support his PCR petition, but contends that the issues he raises were not previously evident from the trial transcript. We disagree. Johnson was afforded the opportunity for a direct appeal and previously raised three alleged errors in this Court, based on the same trial

---

[2] Section 46-21-201(1)(a), MCA, requires the court to conduct an initial review of a PCR petition and provides that "[f]ollowing its review of the responsive pleading, the court may dismiss the petition as a matter of law for failure to state a claim for relief . . . ."

record he relies upon here. The trial record does not provide any new legal or factual issues that could not have been reasonably discovered and raised in the petitioner's direct appeal. As such, we conclude that the District Court did not err in finding that each of Johnson's six claims for relief are based on asserted error that was evident on the trial record and thus could and should have been raised on direct appeal. Furthermore, Johnson does not ask us to exercise plain error review in this case, nor does he allege any newly discovered, exculpatory evidence to warrant such review. Because we have determined that Johnson's claim is barred under § 46-21-105(2), MCA, we decline to address the merits of his claims for postconviction relief.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA

4